# In the United States District Court
## for the Southern District of Georgia
## Waycross Division

| | | |
|---|---|---|
| SHANNON BRADLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: CV513-127 |
| | * | |
| J. DARRELL HART, former Warden; | * | |
| SECURITY THREAT GROUP | * | |
| ADMINISTRATION, Ware State Prison; | * | |
| CEDRIC TAYLOR, Warden; ALISA | * | |
| HAMMOCK, Deputy Warden; GABRIEL | * | |
| ILLA, Sergeant; COI REGINALD JACKSON; | * | |
| JOHN DOE, Deputy Warden of Security, | * | |
| Valdosta State Prison; OFC. JOHN DOE, | * | |
| Security Threat Group Administration | * | |
| Coordinator, Valdosta State Prison; CLAY | * | |
| TATUM, Warden, Hays State Prison; and | * | |
| OFC. JOHN DOE, Deputy Warden of | * | |
| Security, Hays State Prison, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Plaintiff's Objections, dkt. no. 43, to the Magistrate Judge's January 26, 2015 Report and Recommendation. Dkt. No. 41. After an independent and *de novo* review of the entire record, the undersigned **OVERRULES** Plaintiff's Objections, concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Report and

Recommendation as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

BACKGROUND

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983, as amended, to contest certain conditions of his confinement while he was housed at: Ware State Prison in Waycross, Georgia; Georgia State Prison in Reidsville, Georgia; Valdosta State Prison in Valdosta, Georgia; and Hays State Prison in Trion, Georgia. Dkt. Nos. 1, 14, 20. The undersigned directed service of Plaintiff's Complaint, as amended, upon Defendants Hart, Taylor, Hammock, and Illa after Plaintiff advised the Court as to which related claims he wished to pursue in this cause of action. Dkt. No. 25.

Defendants filed a Motion to Dismiss all claims against them on November 10, 2014. Dkt. No. 31. After briefing from both parties, the Magistrate Judge entered a Report and Recommendation recommending that Defendant's Motion be granted in part and denied in part. Dkt. No. 41.

The Magistrate recommended dismissal of several of Plaintiff's claims. Specifically, the Magistrate Judge concluded that Plaintiff's allegations that he has been classified as a security threat and has been placed in segregation failed to state a cognizable claim for violation of his procedural or substantive due process rights. Id. pp. 4-8.

AO 72A
(Rev. 8/82)

The Magistrate Judge also determined that Plaintiff failed to state a claim for First Amendment Retaliation as he had not engaged in protected speech and had not alleged that his ability to exercise his right to free speech had been chilled or otherwise hindered. Id. pp. 8-10. Additionally, the Magistrate Judge recommended dismissal of Plaintiff's defamation claim as he could not bring that claim under Section 1983. Id. pp. 10-11. The Report and Recommendation also concluded that Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Hart, Hammock, and Illa should be dismissed as it was not plausible that these defendants had subjective knowledge of an objective risk to Plaintiff's safety and ignored that risk. The Magistrate Judge also recommended that the Court reject Plaintiff's claims for injunctive relief as his allegations did not establish the limited circumstances warranting injunctive relief under 18 U.S.C. § 3626(a)(1)(A).

However, The Magistrate Judge concluded that Plaintiff had made a plausible claim of deliberate indifference as to Defendant Jackson. Id. pp. 11-13. The Magistrate noted that Plaintiff alleges that he told Defendant Jackson that his cellmate threatened to assault him, Defendant Jackson essentially ignored this information, and Plaintiff's cellmate assaulted him not long after Plaintiff told Defendant Jackson about this threat. Id. p. 13. The Magistrate also disagreed

with Defendant's arguments that Plaintiff had suffered no actual injury warranting monetary damages and that Defendant Jackson was entitled to qualified immunity. Id. pp. 15-17.

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, and Defendant did not.

## DISCUSSION

In his Objections, Plaintiff essentially offers the same arguments that he did in his original response to the Motion to Dismiss. He complains about his placement in administrative segregation upon his arrival at Hays State Prison due to lack of bed space. Dkt. No. 43, p. 1. Plaintiff also focuses on his placement in the Tier II program at Hays State Prison as punishment after being validated as a gang member approximately eight (8) months after his arrival at this Prison. Dkt. No. 43, pp. 1-2. Plaintiff contends he has never assaulted another person during his period of incarceration and that he was the victim of an assault while he was housed at Georgia State Prison. Id. Plaintiff also contends he has never had the opportunity to defend the allegations of being a gang member or having an assaultive history. Id. p. 5. Plaintiff further contends he has shown that his due process rights were violated and he is entitled to injunctive relief.

In objection to the recommended dismissal of much of his deliberate indifference claims, Plaintiff asserts Defendants

Hammock and Illa provided information which reveals that he has been cleared of the gang validation, yet these Defendants did not remove this validation from his file. Plaintiff asserts Defendants Hammock and Illa have been "deliberately indifferent toward[ ]" him. Id. at p. 3.

The Magistrate Judge correctly laid out the law applicable to Plaintiff's various claims in his Report and Recommendation. In addition, the Magistrate accurately applied that law to the same arguments that Plaintiff now raises in his Objections. The Court need not repeat the Magistrate Judge's analyses and findings. However, as summarized below, after conducting a *de novo* review of this matter, the Court concurs with the Magistrate's recommendations on Defendants' Motion.

Plaintiff fails to state a plausible due process claim or a plausible deliberate indifference claim against any of the named Defendants for the reasons set forth in the Magistrate Judge's Report. Plaintiff's Objections offer no new assertions which render these claims plausible. The undersigned notes Plaintiff contends he was placed in the Tier II program at Hays State Prison as "punishment," but he offers no facts supporting this contention; rather, Plaintiff posits this contention in a conclusory manner which cannot serve as the basis of any plausible claim that his right to due process was violated. As

the Magistrate Judge noted, conclusory allegations are insufficient to survive a motion to dismiss. Dkt. No. 41, p. 6.

Likewise, Plaintiff's contention that Defendants Hammock and Illa were deliberately indifferent toward him wholly fails. Plaintiff makes no contention that these Defendants were subjectively aware of any objective threat to his safety or health or that these defendants ignored such a threat. In short, Plaintiff fails to state a plausible deliberate indifference claim against Defendants Hammock or Illa or any named Defendant other than Defendant Jackson. Id. at pp. 11-14.

### CONCLUSION

For the reasons set forth above, Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion to Dismiss, dkt. no. 31, is **GRANTED** in part and **DENIED** in part. Plaintiff's deliberate indifference claim against Defendant Jackson in his individual capacity remains pending. The remainder of Plaintiff's claims and all other named Defendants are **DISMISSED**.

**SO ORDERED**, this ___ day of _____, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA