# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

SHANNON BRADLEY,

    Plaintiff,

v.

COI REGNIALD JACKSON,

    Defendant.

CIVIL ACTION NO.: 5:13-cv-127

## **ORDER and REPORT AND RECOMMENDATION**

For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Make a More Definite Statement of Claim. (Doc. 67.) Additionally, I recommend that the Court **DENY** Plaintiff's Motion for Leave to Appeal in Forma Pauperis (doc. 68).

## BACKGROUND

Plaintiff filed this action on December 4, 2013 pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement at Ware State Prison in Waycross, Georgia; Georgia State Prison in Reidsville, Georgia; Valdosta State Prison in Valdosta, Georgia; and Hays State Prison in Trion, Georgia. (Doc. 1.) The Court granted Plaintiff leave to Amend his Complaint on February 21, 2014 (doc. 10), and Plaintiff filed his First Amended Complaint on March 10, 2014 (doc. 14). After reviewing that Complaint, the Court ordered Plaintiff to advise the Court which claims he intended to pursue against which Defendants. (Doc. 15.) Plaintiff again amended his Complaint on April 25, 2014. (Doc. 20.)

Eventually, after additional pleadings by Plaintiff and the requisite frivolity review, on September 2, 2014, the Court dismissed Plaintiff's claims against some Defendants and ordered

that Plaintiff's Complaint be served on other Defendants. (Doc. 25.) Then, the Court granted the Defendants' initial Motion to Dismiss as to all Defendants except Defendant Jackson. (Doc. 44.) Plaintiff filed a Notice of Interlocutory Appeal as to that Order on April 13, 2015. (Doc. 48.) On July 8, 2015, the Eleventh Circuit Court of Appeal dismissed that appeal for lack of jurisdiction because the Order granting in part and denying in part the Motion to Dismiss was not final or immediately appealable. (Doc. 50.) However, after the Court entered final judgment as to those Defendants dismissed by the Motion to Dismiss Order, the Eleventh Circuit vacated its prior Order dismissing the appeal and found that the appeal may proceed for further processing. (Doc. 61.) On September 21, 2015, Defendant Jackson filed a Motion to Dismiss (doc. 57) to which Plaintiff has responded (doc. 62).

## DISCUSSION

### I. Plaintiff's Motion to Make a More Definite Statement

On October 26, 2015, Plaintiff filed a pleading titled "Plaintiff's Motion to Make a More Definite Statement of Claim." (Doc. 67.) Plaintiff refers to Defendant's argument that Plaintiff has failed to state a claim and goes on to "for the record make a more clerarer [sic], more definite statement of claim." (Id. at p. 1.) To the extent that Plaintiff is merely responding to Defendant's Motion to Dismiss, the Court will review this pleading in ruling on the Motion. However, the Court will not consider any expanded allegations, because a response to a motion to dismiss is not a proper vehicle for amending a complaint. Erb v. Advantage Sales & Marketing, LLC, No. 6:11–cv–2629, 2012 WL 3260446, *3 (N.D. Ala. Aug. 3, 2012) ("Motions to dismiss brought pursuant to Rule 12(b)(6) test the sufficiency of the factual allegations contained in the complaint, and 'a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.'") (quoting Cherry v. City of Philadelphia, No. 04–

2

1393, 2004 WL 2600684, *3 (E.D. Pa. Nov.15, 2004) (quotations and citations omitted)); Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir.1988) (" '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' ") (quoting Car Carriers. Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

To the extent that Plaintiff is asking for leave to once again amend his Complaint, that request is **DENIED**. Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Thus, generally, a district court should afford a plaintiff at least one opportunity to amend a complaint in order to correct deficiencies. Langlois v. Traveler's Ins. Co., 401 Fed.Appx. 425, 426 (11th Cir. 2010) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir .2005)). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations and citations omitted). An exception to this rule exists, however, "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff has already amended his Complaint two times in this case. Allowing him to do so again nearly two years after this case was filed would be to reward undue delay and his repeated failure to cure deficiencies with prior amendments while causing undue prejudice to Defendants. For these reasons, Plaintiff's Motion to Make a More Definite Statement is **DENIED**.

## II. Plaintiff's Motion for Leave to Appeal In Forma Pauperis

With the Eleventh Circuit having vacated its prior Order dismissing Plaintiff's appeal, the Court now addresses whether Plaintiff may appeal in forma pauperis. An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Having reviewed the January 26, 2015 Report and Recommendation as well as the March 9, 2015 Order dismissing Defendants' Motion to Dismiss, I see no non-frivolous issues for Plaintiff to raise on appeal. Based on the Court's analysis of Defendants' Motion to Dismiss, any appeal would not be taken in good faith. Accordingly, the Court should **DENY** Plaintiff's request to proceed in forma pauperis on appeal.

Even if Plaintiff were granted permission to proceed on appeal in forma pauperis, he would still be required to pay the appellate filing fee of $505.00.[1] While Plaintiff's instant

---

[1] 28 U.S.C. § 1915(b)(1) could be read to require the assessment of appellate filing fees and the collection thereof from a prisoner's trust fund account at the time he files a notice of appeal or the consent to collection of fees. However, that statute provides for the collection of fees if a prisoner "files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). If the Court denies Plaintiff leave to appeal in forma

4

motion includes an affidavit and consent form, it does not reference an appeal much less the $505.00 filing fee. Indeed, the case caption in this form lists the Northern District of Georgia and does not include this Case Number or Defendants' names. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to execute and return to the Clerk of this Court the CONSENT FORM which authorizes payment of the required $505.00 appellate filing fee from his prison account to the district court. The Clerk of Court is DIRECTED to include a copy of this form with Plaintiff's service copy of this Order.

## CONCLUSION

For the numerous reasons set forth above, Plaintiff's Motion to Make a More Definite Statement of Claim (doc. 67) is **DENIED**. Additionally, I recommend that the Court **DENY** Plaintiff's Motion for Leave to Appeal in Forma Pauperis (doc. 68).

Any party seeking to object to the Report and Recommendation as to Plaintiff's Motion for Leave to Appeal in Forma Pauperis is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

---

pauperis, as this Report recommends, then it appears he has not "file[d] an appeal in forma pauperis." See 28 U.S.C. 1915(a)(3) "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Giving Plaintiff the benefit of the ambiguity, the Court should not assess the appellate filing fees unless this Court or the Court of Appeals grants Plaintiff leave to appeal in forma pauperis or unless the Court is otherwise directed to assess the filing fees by the Court of Appeals.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is DIRECTED to serve a copy of this Order and Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 16th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA